UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MICHAEL TURNER,

                        Plaintiff,

    -against-

Correction Officer ROBERT ALEXIS, Shield No. 18730, Correction Captain CLAUDEL JEAN-PIERRE, Shield No. 1188, Correction Officer EDWARD MEDINA, Shield No. 8981, Correction Officer EUGENE STRAKER, Shield No. 9900, JOHN DOE # 5 THROUGH 10, in their individual and official capacities as employees of the City of New York,

                        Defendants.
---------------------------------------------------------------- X

**SECOND AMENDED COMPLAINT**
Jury Trial Demanded

16-787 (MKB)(RER)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution against defendants mentioned above and against the City of New York. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) (b) and (c).

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff at all times relevant hereto resided in the City and State of New York.

6. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer ROBERT ALEXIS, Shield No. 18730, was at all times relevant hereto, an employee of the City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

7. Defendant Correction Officer ALEXIS, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

8. That at all times hereafter mentioned, and on information and belief, defendant Correction Captain CLAUDEL JEAN-PIERRE, Shield No. 1188, was at all times relevant hereto, an employee of the City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

9. Defendant JEAN-PIERRE, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

10. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer EDWARD MEDINA, Shield No. 8981, was at all times relevant hereto, an employee of the City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

11. Defendant Correction Officer MEDINA, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

12. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer EUGENE STRAKER, Shield No. 9900, was at all times relevant hereto, an employee of the City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

13. Defendant Correction Officer EUGENE STRAKER at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff

14. That at all times hereinafter mentioned, and on information and belief, the defendant correctional officers JOHN DOE # 5 through 10 were at all times relevant hereto, employees of the City of New York, employed as correctional officers employed by the New York City Department of Correction. Said defendants are sued in their individual and official capacities.

15. Defendant correctional officers, JOHN DOE # 5 through 10 at all relevant times herein, either directly participated or failed to intervene to stop the assault upon plaintiff.

16. At all times mentioned herein, defendant JOHN DOE # 5 through 10 were acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

17. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the City of New York through its agency, the New York City Department of Correction and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

## STATEMENT OF FACTS

18. Plaintiff is an African-American male.

19. On or about December 2, 2013, at about 10 am, plaintiff was on his way to the chapel at the George R. Vierno Center (G.R.V.C.).

20. Correction Captain CLAUDEL JEAN-PIERRE, Shield No. 1188 who at the time escorted plaintiff when the Captain became increasingly annoyed as he argued with plaintiff.

21. Once in the chapel, Captain JEAN-PIERRE called additional officers including Correction Officer ROBERT ALEXIS, Shield No. 18730 and Correction Officer EDWARD MEDINA, Shield No. 8981, Correction Officer EUGENE STRAKER, Shield No. 9900, and John Does 5 through 10 who surrounded plaintiff and strip-searched plaintiff.

22. While plaintiff stood in the chapel wearing nothing but his underwear, Captain JEAN-PIERRE punched plaintiff in the face while defendants ALEXIS, MEDINA, STRAKER, and John Does 5 through 10 either punched and kicked plaintiff about the face and body or stood by and did not stop the assault of plaintiff.

23. The defendant officers handcuffed plaintiff, threw him onto the ground, and continued kicking plaintiff.

24. The defendant officers did this because they knew they could get away with it as the area was not under video surveillance.

25. Plaintiff lost consciousness.

26. Plaintiff was in severe pain and asked for medical assistance, yet he was denied medical assistance for some time.

27. Eventually plaintiff was taken to the clinic on Rikers Island where physicians determined that plaintiff had to be transported to Bellevue Hospital for further evaluation.

28. Once at Bellevue Hospital, Plaintiff was diagnosed with mandibular fracture among other injuries.

29. Plaintiff attended physical therapy at Bellevue Hospital for several months to rehabilitate his injured jaw.

30. Since the assault, plaintiff's vision deteriorated to the extent that plaintiff was prescribed eyeglasses.

31. Plaintiff's hearing has become impaired as a result of this assault.

32. Plaintiff sustained permanent disfigurement, to wit a scar on his forehead as well.

33. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant such violence.

34. Plaintiff did not provoke this attack nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical wellbeing.

35. All of the above was done in violation of federal law.

36. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.

37. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish and serious physical injuries.

38. Plaintiff continues to suffer substantial pain due to the injuries he sustained.

39. The conduct of the defendant correctional officers in assaulting the plaintiff and denying him medical attention directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

40. The events described herein have left permanent emotional scars that plaintiff will carry with him for the remainder of his life.

**COUNT ONE**
**42 U.S.C. § 1983**
**Excessive Use of Force Under Fourth Amendment**
**Against Individual Defendant Officers**

41. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

7

42. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

43. The Defendants intentionally touched Plaintiff.

44. The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

45. Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

46. By virtue of the foregoing, the Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

47. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT TWO
### Failure To Intervene
### Against All Individual Defendants

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The defendants were present but failed to intervene in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated Plaintiff's Fourth, Fifth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### COUNT THREE
### Deliberate Indifference to Medical Needs
### As to all defendants

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. The individual defendants were aware of plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

55. Accordingly, defendants violated the Fourth and the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: September 16, 2016
Brooklyn, New York

*Amy Rameau*
_____
Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11241
718.852.4759
rameaulawny@gmail.com

*Attorney for plaintiff*